UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-60088-CR-COHN/SELTZER

UNITED STATES OF AMERICA,
                    Plaintiff,

vs.

LEROY ROBINSON, et al.,
                         Defendant.
_____:

## OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

The defendant, Leroy Robinson, through counsel, respectfully files his objections to the Pre-sentence Investigation Report (PSI).

### *Special Conditions of Supervision*

1.      Mr. Robinson objects to paragraphs 88 and 89, wherein the probation officer recommends that this Court impose as a special condition of Mr. Robinson's supervised release that he have no unsupervised contact,  such as personal, mail, telephone or computer contact with minors or with the victims, S.C. or C.B.F..  Mr. Robinson requests this court to modify the condition so that he may be permitted to have contact with his family members under the age of 18.

2.      Paragraph 92 recommends that this Court impose as a condition of Mr.

Robinson's supervised release, that he be required to undergo psychological testing and participate in sex offender treatment.  Mr. Robinson contends that under the circumstances of this case, such treatment is not necessary.  There is no indication that at any time Mr. Robinson engaged in any sexual contact with S.C. or C.B.F., or possessed any pornographic materials on his computer depicting minors engaging in sexually explicit conduct.  Thus, Mr. Robinson strongly encourages this Court not to impose such special condition as a condition of his supervised release.

3.      Finally, Mr. Robinson objects to Paragraph 93 of the PSI, wherein the probation officer recommends that as a special condition of supervision he cannot "buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct...nor communicate ...with individuals or persons offering to buy, sell exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct." Mr. Robinson requests this Court to modify this condition in order to allow him to engage in the aforementioned conduct with respect to adults only.

### Computer Enhancement pursuant to U.S.S.G. § 2G1.3(b)(3)(B)

The PSI enhances Mr. Robinson's base offense level by two levels pursuant to U.S.S.G. § 2G1.3(b)(3)(B), "because the offense involved the use of a computer to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with the minor[s]." *Id.*  Application Note 4 to § 2G1.3(b)(3)(B) provides that the enhancement, "...is intended to apply **only** to the use of a computer service to communicate directly with a minor

2

or with a person who exercises custody, care or supervisory control of the minor..." U.S.S.G. § 2G1.3(b)(3)(B) cmt. n.4. (emphasis added).

The plain language of Application note 4, demonstrates that this enhancement is intended to apply to those cases where the computer is used by the defendant to communicate directly with the minor, or the minor's parent or guardian etc. Presumably, this enhancement is directed to the problem of adults contacting and initiating contact with minors through the internet and specifically internet chat rooms. *See e.g. United States v. McDaniel*, 260 Fed. Appx. 182 (11th Cir. 2007) (enhancement pursuant to § 2G1.3(b)(3) was proper, where defendant met 12 year old on internet chat room and then traveled from Texas to Florida to have sex with her); *See also United States v. Vance*, 494 F. 3d 985, 997 (11th Cir. 2007) (enhancement pursuant to U.S.S.G. § 2G1.3(b)(3) was proper, where defendant contacted "John" through the internet who was an undercover agent posing as someone offering a variety of underage girls for sex).

In this case, Mr. Robinson used a computer to advertise the sexual services of the minors, S.C. and C.B.F. on the internet, whereby individuals could call a phone number to arrange for a prostitution date with S.C. or C.B.F. Under these circumstances, Mr. Robinson did not use the computer to communicate directly with S.C. and C.B.F., nor was the computer used by the "Johns" to communicate directly with S.C. and C.B.F. Likewise, Mr. Robinson did not use the computer to communicate directly with someone who exercised custody, care or supervisory control of S.C. and C.B.F. Accordingly, the undersigned notes as set forth in

3

paragraph 9 of the plea agreement, the government agreed "that it will not ask the Court to apply the two-level enhancement for use of a computer pursuant to § 2G1.3(b)(3)". *See* Plea Agreement, (DE 45).

In sum, Mr. Robinson submits that the computer enhancement under §2G1.3(b)(3) of the advisory sentencing guidelines does not apply. Should this Court sustain Mr. Robinson's objection to the PSI, then his combined adjusted base offense level after a reduction for acceptance of responsibility is 25, criminal history category I, with a guideline range of 57-71 months imprisonment.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER


By: _s/ *Chantel R. Doakes*_____
Chantel R. Doakes
Assistant Federal Public Defender
Federal Bar No. A5500578
One E. Broward Boulevard, Suite 1100
Ft. Lauderdale, FL 33301-1842
(954) 356-7436
(954) 356-7556, Fax
Chantel_Doakes@FD.Org, e-mail

4

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 17, 2010, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record or *pro se* parties identified on the

attached Service List in the manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties

who are not authorized to receive electronically Notices of Electronic Filing.


By:  *s/Chantel R. Doakes*
                 Chantel R. Doakes


J:\Robinson, Leroy  Reg  91368-004\Pleadings\psi objections.wpd

**SERVICE LIST**
**UNITED STATES v. LEROY ROBINSON, et al.**
**CASE NO.  10-60088-CR-COHN/SELTZER**
**United States District Court, Southern District of Florida**

Mark Dispoto, Esq.
mark.dispoto@usdoj.gov
Assistant United States Attorney
500 E. Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33394-3016
954-356-7255
954-356-7336, fax
Attorney for the Government
Notices of Electronic Filing

Luis I. Guerra, Esq.
jwel95@mac.com
3127 Ponce de Leon Boulevard
Coral Gables, FL 33134-6816
305-461-3638
305-461-8286, fax
Attorney for Amelio Martin
Notices of Electronic Filing

Chantel R. Doakes, Esq.
chantel_doakes@fd.org
Assistant Federal Public Defender
One E. Broward Boulevard, Suite 1100
Fort Lauderdale, FL 33301-1842
954-356-7436
954-356-7556, fax
Attorney for Leroy Robinson
Notices of Electronic Filing

Tracey L. Webb
United States Pretrial Services Officer
200 E. Broward Boulevard, Suite 409
Fort Lauderdale, FL 33301-1865
954-769-5506
954-769-5566, fax
Notices Sent Via Interagency Mail

6